JjDREW, J.
Plaintiff, Carolyn Graves, appeals from a summary judgment in favor of one of the defendants, her employer, Progressive Health Care Providers, Inc. The trial judge dismissed her tort suit against Progressive, holding plaintiffs exclusive remedy to be in worker’s compensation. We reverse.
FACTS
Graves, the employee, and Charlotte Gillyard, her supervisor, did not get along. In fact, there was considerable personal friction between the two.
Graves was attacked for several minutes by a 16-year old mentally-challenged client *2 of Progressive. Gillyard says the encounter lasted “5 to 10 minutes.” Graves, on the other hand, says there were actually three separate incidents of violence which took place in the presence of Gillyard. The cumulative testimony of Graves indicated the struggle(s) lasted perhaps twice as long as Gillyard estimated.
Graves admittedly never called out for help; Gillyard admittedly merely observed the altercation(s) and stated that several times she asked Graves if she needed assistance. It is disputed factually as to when and how Gillyard finally assisted Graves, during or after the actual prolonged struggle(s) with the teenager. Graves asserted Gillyard never assisted Graves during the altercations and Gill-yard did not discipline the child until after the struggle ended. In short, Graves’ and Gillyard’s versions of both the physical encounter(s) as well as Gillyard’s actions differ dramatically. These factual disputes make this an inappropriate case for summary judgment.
[¡Plaintiff has made out a prima facie case that the deliberate refusal of Gillyard to assist Graves during the prolonged, violent encounter, amounts to a clear “Intentional Act,” an exception to her exclusive worker’s compensation remedy.
In Weber v. State of Louisiana, 93-0062 (La.4/1/1994), 635 So.2d 188, the Louisiana Supreme Court held that an employer’s intentional refusal to provide medical treatment to an employee injured in the course and scope of employment in the face of knowledge to a substantial certainty that the refusal would cause death, fell within the scope of the intentional act exception. This is admittedly a less serious, though analogous situation.
The record shows this child has a history of violence. La. R.S. 23:13 directs that every employer shall furnish employment which is reasonably safe for employees. Further, every employer shall furnish and use safeguards and methods reasonably adequate to render the employment and the place of employment safe. To recover, Graves must show her injuries were caused by an unreasonable risk of harm created by the employer’s failure to properly fulfill the duties imposed by La. R.S. 23:13. Gorton v. Ouachita Parish Police Jury, 35432 (La.App.4/3/02), 814 So.2d 95.
If Graves’ version of the facts is believed by the trier of fact, the actions of Gillyard could easily meet the Weber standard. In the present stage of the litigation, Gill-yard’s behavior, if the trier of fact finds Graves to be truthful, is absolutely actionable in tort. Genuine issues of material fact exist as to the employer’s liability.
| ¡¡Certainly Motions for Summary Judgment are now favored, but not when the facts are this disparate. This matter is replete with genuine issues of material fact as to what took place and when.
We reverse the ruling of the trial court, and remand this matter for further disposition. All costs are assessed to Progressive.
REVERSED and REMANDED.